Case 4:18-cv-03743 Document 35 Filed on 01/14/20 in TXSD Page 1 of 18

United States District Court
Southern District of Texas
**ENTERED**
January 14, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOCK O. LOGAN AND ANGELA CHIMEL, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | CIVIL ACTION NO. H-18-3743 |
| CARRINGTON MORTGAGE SERVICES, LLC, | § § § § | |
| Defendant. | § | |

### **MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] are Defendant's Motion for Summary Judgment (Doc. 24) and Plaintiffs Jock O. Logan ("Logan") and Angela Chimel's ("Chimel") (collectively, "Plaintiffs") Motion for Summary Judgment (Doc. 25). The court has considered the motions, the responses, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion for summary judgment be **GRANTED IN PART AND DENIED IN PART** and that Plaintiffs' motion for summary judgment be **DENIED**.

### **I. Case Background**

Plaintiffs filed this lawsuit seeking to rescind the foreclosure of their home.

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 7, Ord. Dated Oct. 24, 2018.

**A.  Factual Background**

On December 20, 2010, Plaintiff Logan entered into a $137,259.00 promissory note (the "Note") with Hancock Mortgage Partners, L.L.C. ("Hancock") for the purchase of a property located at 5358 Pine Cliff Drive, Houston, Texas 77084 (the "Property").[2] On the same day, Plaintiff Logan executed a deed of trust (the "Deed of Trust") in favor of Hancock that secured the Note.[3] Plaintiffs are married and resided at the Property.[4]

On April 2, 2015, Defendant began servicing Plaintiffs' mortgage.[5] On March 28, 2018, Hancock assigned the Deed of Trust to Defendant.[6] The assignment was recorded in the official Public Records of Harris County on April 6, 2018.[7]

The most recent payment Plaintiffs made to Defendant occurred on June 27, 2017.[8] This payment brought Plaintiffs current on their mortgage only through May 1, 2017.[9] Because Plaintiffs

---

[2]  See Doc. 24-2, Ex. A-1 to Def.'s Mot. for Summ. J., The Note.

[3]  See Doc. 24-3, Ex. A-2 to Def.'s Mot. for Summ. J., The Deed of Trust.

[4]  See Doc. 16, Pls.' Am. Compl. p. 1.

[5]  See Doc. 24-1, Ex. A to Def.'s Mot. for Summ. J., Aff. of Elizabeth A. Ostermann ("Ostermann") p. 2.

[6]  See Doc. 24-4, Ex. A-3 to Def.'s Mot. for Summ. J., Assignment of the Deed of Trust.

[7]  See id.

[8]  See Doc. 24-1, Ex. A to Def.'s Mot. for Summ. J., Aff. of Ostermann p. 2.

[9]  See id.

failed to make any further payments, Plaintiffs were in default under the terms of the mortgage. Defendant notified Plaintiffs of their default, accelerated the Note, and posted the Property for sale by non-judicial foreclosure on June 5, 2018.[10]

On May 25, 2018, following Plaintiffs' request, Defendant sent Plaintiffs an account reinstatement notification.[11] The reinstatement notification provided that Plaintiffs could cure their default and reinstate their mortgage with a payment of $23,420.10.[12] The reinstatement notification specified that payment was to be made by June 3, 2018, and via one of three methods - bank wire, MoneyGram, or Western Union Quick Collect.[13] There were instructions for each method of payment.[14] The bank wire instructions included an account number and an ABA routing number.[15] The reinstatement notification also noted that foreclosure was scheduled on June 5, 2018.[16]

On June 4, 2018, Plaintiff Logan made a $23,420.10 automated clearing house ("ACH") payment to the account number and routing

---

[10] See id. pp. 2-3.

[11] See Doc. 24-7, Ex. A-6 to Def.'s Mot. for Summ. J., The Reinstatement Notification.

[12] See id.

[13] See id.

[14] See id.

[15] See id.

[16] See id.

number specified in the reinstatement notification's bank wire instructions.[17] Following the payment, Plaintiff Logan reached out to Defendant to confirm that the payment was received.[18] Later, Plaintiff Logan received a call from Jake Hernandez ("Hernandez"), a supervisor for Defendant who had been unable to find the payment.[19] Plaintiff Logan asked if he should make another transfer or go to the foreclosure sale the following day and purchase the property.[20] Hernandez told Plaintiff Logan that if the payment was sent he would find it and to call back the next morning prior to the sale so other options could be pursued if necessary.[21] Hernandez also told Plaintiff Logan that the foreclosure team had been notified that Plaintiffs were reinstating the mortgage.[22]

On June 5, 2018, the following morning, Plaintiff Logan called back, but Hernandez was not present.[23] Plaintiff Logan spoke with a different supervisor named Greg who told Plaintiff Logan that the transfer had been received, the loan was current, the default was cured, and the foreclosure team had been informed to cancel the

---

[17] See Doc. 24-8, Ex. A-7 to Def.'s Mot. for Summ. J., Pls.' Direct Express Account Statement; Doc. 26-5, Ex. 4 to Pls.' Mot. for Summ. J., Transfer Details; Doc. 24-1, Ex. A to Def.'s Mot. for Summ. J., Aff. of Ostermann p. 3.

[18] See Doc. 25-2, Decl. of Pl. Logan.

[19] See id.

[20] See id.

[21] See id.

[22] See id.

[23] See id.

4

sale.[24] Regardless, the foreclosure sale proceeded later that day, and Defendant purchased the Property at the sale.[25]

Defendant's bank received the ACH transfer on June 6, 2018.[26] However, Defendant's bank, JPMorgan Chase, had a separate routing number for ACH transfers and Plaintiff Logan used the routing number for wire transfers.[27] Thus, Plaintiff Logan's ACH transfer was rejected as having the incorrect routing number.[28]

On November 11, 2018, Defendant's counsel sent Plaintiffs' counsel with a second account reinstatement notification.[29] The second reinstatement notification provided that Plaintiffs could cure their default and reinstate their mortgage with a payment of $32,824.97 made by November 16, 2018.[30] Plaintiffs did not make the reinstatement payment.

## B. **Procedural Background**

Plaintiff Logan filed this lawsuit in state court on September

---

[24] See id.

[25] See Doc. 24-6, Ex. A-5 to Def.'s Mot. for Summ. J., Substitute Trustee's Deed.

[26] See Doc. 24-9, Ex. A-8 to Def.'s Mot. for Summ. J., ACH Rejection.

[27] See Doc. 24-1, Ex. A to Def.'s Mot. for Summ. J., Aff. of Ostermann p. 3.

[28] See id.; Doc. 24-9, Ex. A-8 to Def.'s Mot. for Summ. J., ACH Rejection.

[29] See Doc. 24-1, Ex. A to Def.'s Mot. for Summ. J., Aff. of Ostermann p. 3; Doc. 24-10, Ex. A-9 to Def.'s Mot. for Summ. J., 2nd Reinstatement Notification.

[30] See Doc. 24-10, Ex. A-9 to Def.'s Mot. for Summ. J., 2nd Reinstatement Notification.

26, 2018.[31] Defendant removed the lawsuit to this court on October 10, 2018.[32] On December 26, 2018, Plaintiffs filed an amended complaint adding Plaintiff Chimela to the lawsuit.[33]

On April 11, 2019, Defendant filed its pending motion for summary judgment.[34] On April 12, 2019, Plaintiffs filed their pending motion for summary judgment.[35] On May 2, 2019, Plaintiffs filed a response to Defendant's motion for summary judgment.[36] On May 3, 2019, Defendant filed a response to Plaintiffs' motion for summary judgment.[37] On May 9, 2019, Defendant filed a reply in support of its motion for summary judgment.[38] On May 10, 2019, Plaintiffs filed a reply in support of their motion for summary judgment.[39]

## II. Objections to Evidence

Defendant objects to portions of Plaintiff Logan's declaration as conclusory and containing inadmissible hearsay.[40] Defendant

---

[31] See Doc. 1-1, Ex. A to Def.'s Not. of Removal, Pl.'s Orig. Pet.

[32] See Doc. 1, Def.'s Not. of Removal.

[33] See Doc. 16, Pls.' Am. Compl.

[34] See Doc. 24, Def.'s Mot. for Summ. J.

[35] See Doc. 25, Pls.' Mot. for Summ. J.

[36] See Doc. 26, Pls.' Resp. to Def.'s Mot. for Summ. J.

[37] See Doc. 27, Def.'s Resp. to Pls.' Mot. for Summ. J.

[38] See Doc. 28, Def.'s Reply in Support of Mot. for Summ. J.

[39] See Doc. 29, Pls.' Reply in Support of Mot. for Summ. J.

[40] See Doc. 27, Def.'s Resp. to Pls.' Mot. for Summ. J. pp. 2-3.

specifically takes issue with the following portion of Plaintiff Logan's declaration:

> On [June 5, 2018], another supervisor named Greg said he was looking at my account and said that it had been noted that my transfer had been received and had been found in the account specified. He said that my loan was current[,] the default was cured[,] and receipt of that will show on my next month mortgage statement.

The court interprets Defendant's objection to be to the inclusion of what Hernandez and Greg allegedly told Plaintiff Logan during their conversations. To be considered on summary judgment, Plaintiff Logan's declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that [Plaintiff Logan] is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). As there is no apparent issue with the other requirements, the court will turn to the admissibility of the contents of Plaintiff Logan's declaration.

Defendant did not explain how Plaintiff Logan's declaration was conclusory. Nothing in Plaintiff Logan's declaration appears conclusory to the court. Accordingly, Defendant's objection on that ground is **OVERRULED**.

Regarding Defendant's hearsay objection, Plaintiffs argues that the conversations are not hearsay, and if they are, they fall under the present sense impression exception to hearsay. Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing, and (2) a party offers in evidence to prove the truth of the matter asserted in the

7

statement." Fed. R. Evid. 801(c). A statement is not hearsay if it "is offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship and while it existed . . . ." Fed. R. Evid. 801(d)(2)(d). The relevant statements were made by Defendant's employees and were within the scope of their employment. Accordingly, Defendant's hearsay objection is **OVERRULED**.

### III. Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A., 759 F.3d 498, 504 (5th Cir. 2014). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Coastal Agricultural Supply, Inc., 759 F.3d at 504 (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings,

depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. See id. at 505 (quoting Celotex Corp., 477 U.S. at 323). If the movant carries its burden, the nonmovant may not rest on the allegations or denials in the pleading but must respond with evidence showing a genuine factual dispute. See id. The court must accept all of the nonmovant's evidence as true and draw all justifiable inferences in her favor. Coastal Agric. Supply, Inc., 759 F.3d at 505 (quoting Anderson, 477 U.S. at 255).

## IV. Analysis

Plaintiffs pled the following causes of action: (1) breach of contract; (2) abandonment of acceleration; (3) wrongful foreclosure; (4) suit in equity to enforce equitable right of redemption; (5) suit to remove cloud and quiet title; (6) fraud; (7) declaratory judgment; and (8) permanent injunction. Defendant moves for summary judgment on all of Plaintiffs' claims. Plaintiffs move for affirmative summary judgment on their claims for wrongful foreclosure, breach of contract, abandonment of acceleration,[41] declaratory judgment, and permanent injunction.

### A. **Abandonment of Acceleration**

Plaintiffs argue that Defendant abandoned the acceleration of the Note, and, therefore, the foreclosure was improper. "The

---

[41] Abandonment of acceleration is technically not an independent cause of action, but is a relevant issue in this proceeding.

acceleration of a note can be abandoned 'by agreement or other action of the parties.'" Boren v. U.S. Nat. Bank Ass'n, 807 F.3d 99, 104 (5th Cir. 2015)(quoting Khan v. GBAK Properties, Inc., 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.)). Texas courts frame "abandonment of acceleration by reference to traditional principles of waiver." See id. at 105 (citing Denbina v. City of Hurst, 516 S.W.2d 460, 463 (Tex. Civ. App.—Tyler 1974, no writ)). The elements of waiver are: "(1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." Id. (quoting Thompson v. Bank of America Nat. Ass'n, 783 F.3d 1022, 1025 (5th Cir. 2015))(internal quotation marks omitted).

In Boren, the Fifth Circuit found that a bank had abandoned its previous acceleration of a note where the bank sent a notification demanding less that the fully accelerated amount and that notification contained language saying that the loan would be accelerated if the demanded payment was not made. See id. at 102-104, 106. Here, Defendant sent two notifications demanding less than the fully accelerated amount. However, neither notification otherwise indicated that the Note was no longer accelerated as in Boren. Thus, only half of the Boren factors are present.

In Pitts v. Bank of New York Mellon Tr. Co., a Texas appellate court found that a genuine issue of material fact existed as to

10

whether the bank had abandoned its prior acceleration where: (1) the bank sent notices demanding payment of less than the fully accelerated amount; (2) the notices lacked language similar to <u>Boren</u> that indicated an intent to accelerate in the future; and (3) the notices indicated that the loan was in the foreclosure process. 583 S.W.3d 258, 267 (Tex. App.—Dallas 2018, no pet.). The present scenario is more analagous to <u>Pitts</u>. However, here, there is more evidence that Defendant abandoned acceleration. For example, prior to the foreclosure, Defendant twice represented to Plaintiff Logan that the loan was being reinstated in addition to demanding less than the fully accelerated amount. While Defendant objected to Plaintiffs' description of the phone calls, that objection is overruled as explained above. Defendant did not otherwise contest this evidence or provide contradicting evidence. Then, well after the foreclosure, Defendant sent Plaintiffs another notice demanding less than the fully accelerated amount. This action was inconsistent with a belief that the loan had been properly foreclosed.

The following supports a finding that Defendant abandoned its acceleration: (1) Defendant demanded less than the fully accelerated amount; (2) a representative of Defendant told Plaintiff Logan not to take further action and that the foreclosure team was being told of the reinstatement; (3) a second representative of Defendant explicitly stated that the loan was

11

reinstated; and (4) after the purported foreclosure, Defendant sent another reinstatement notification demanding less than the fully accelerated amount. However, the following contradicts a finding that Defendant abandoned its acceleration: (1) Defendant foreclosed the Note; (2) neither of the notices sent to Plaintiffs indicated that the Note would be accelerated if they did not pay, as in Boren; and (3) the first notification sent to Plaintiff noted that the foreclosure sale was scheduled on June 5, 2018.

The court is unprepared to rule as a matter of law at this time on this issue as further factual development is necessary. A jury will have to decide whether Defendant's conduct was so inconsistent with its right to accelerate the Note that Defendant abandoned its acceleration prior to foreclosure. Accordingly, summary judgment is not proper for either party on this issue.

**B.    Wrongful Foreclosure**

"The elements of a wrongful-foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." Villanova v. Fed. Deposit Ins. Corp., 511 S.W.3d 88, 101–02 (Tex. App.—El Paso 2014, no pet.)(citing Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App.-Corpus Christi 2008, no pet.)). While generally a grossly inadequate selling price should be shown, "[t]he recovery of damages is not appropriate . . . where title to the property has

not passed to a third party and the borrower's possession of the property has not been materially disturbed."[42]  <u>Wells Fargo Bank, N.A. v. Robinson</u>, 391 S.W.3d 590, 594 (Tex. App.—Dallas 2012, no pet.)(citing <u>Janes v. CPR Corp.</u>, 623 S.W.2d 733, 738 (Tex. App.-Houston [1st Dist.] 1982, writ ref'd n.r.e.)).  Where this is the case, "the proper remedy is to set aside the trustee's deed and to restore the borrower's title, subject to the note holder's right to establish the debt owed and foreclose its lien."  <u>Id.</u> (citing <u>Janes</u>, 623 S.W.2d at 738).

Plaintiffs seek to have the foreclosure sale set aside rather than damages for wrongful foreclosure.[43]  "Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration."  <u>Holy Cross Church of God in Christ v. Wolf</u>, 44 S.W.3d 562, 566 (Tex. 2001)(citing <u>Shumway v. Horizon Credit Corp.</u>, 801 S.W.2d 890, 892 (Tex. 1991)).  Defendant was required to accelerate the Note prior to foreclosure.[44]  Thus, if Defendant abandoned of its acceleration, it would have needed to reaccelerate the Note and follow other foreclosure procedures prior to foreclosure.  As there is a fact issue on whether Defendant abandoned its acceleration, summary judgment is not proper for

---

[42]    The court understands this to be the case in the present lawsuit.

[43]    <u>See</u> Doc. 16, Pls.' Am. Compl. pp. 7-8.

[44]    <u>See</u> Doc. 24-3, Ex. A-2 to Def.'s Mot. for Summ. J., The Deed of Trust (If Lender requires immediate payment in full . . . Lender may invoke the power of sale and any other remedies permitted by applicable law.").

13

either party on Plaintiff's wrongful foreclosure claim at this time.

## C. **Breach of Contract**

Plaintiffs pled and argued that Defendant breached the Deed of Trust because it failed to allow Plaintiffs to reinstate the Note as provided in the Deed of Trust. "The elements of a breach of contract claim are[:] (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." Brooks v. Excellence Mortgage, Ltd., 486 S.W.3d 29, 36 (Tex. App.—San Antonio 2015, pet. denied)(internal quotation marks omitted)(quoting McLaughlin, Inc. v. Northstar Drilling Techs., Inc., 138 S.W.3d 24, 27 (Tex. App.–San Antonio 2004, no pet.)).

Plaintiffs' breach of contract claim fails because they were behind on their payments and it was their error, not Defendant's, that led to Plaintiffs' payment being sent to the wrong routing number. While Defendant may have abandoned acceleration, it did not breach the reinstatement provisions of the Deed of Trust because Plaintiff Logan sent the payment incorrectly. Accordingly, summary judgment is appropriate for Defendant on Plaintiffs' breach of contract claim.

## D. **Equitable Right of Redemption**

To establish an equitable right of redemption, a party must: (1) have a legal or equitable interest in the subject property; (2)

14

pay off the amount of the valid and subsisting liens on the property; and (3) assert the equitable right of redemption prior to a foreclosure sale. See Scott v. Dorothy B. Schneider Estate Tr., 783 S.W.2d 26, 28 (Tex. App.—Austin 1990, no writ). Defendant argues that Plaintiffs did not pay off the lien on the Property and that Plaintiffs failed to assert this right prior to the foreclosure sale. Plaintiffs argue that they properly reinstated the mortgage prior to the foreclosure sale.

Plaintiffs did not properly reinstate their mortgage prior to the foreclosure sale because Plaintiff Logan sent the payment incorrectly. Thus, summary judgment is appropriate on Plaintiffs' claim for equitable right of redemption.

**E.  Suit to Quiet Title**

"[T]he elements of a cause of action to quiet title are: (1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable." Cook-Bell v. Mortgage Elec. Registration Sys., Inc., 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012)(citing Cruz v. CitiMortgage, Inc., No. 3:11-CV-2871-L, 2012 WL 1836095, at *4 (N.D.Tex. May 21, 2012)). In Texas, it is a necessary prerequisite to a suit to quiet title that the plaintiff tender payment of the amount owed on the note. See id. (citing Fillion v. David Silvers Company, 709 S.W.2d 240, 246 (Tex. App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.)).

Defendant correctly argues that Plaintiffs failed to tender payment of the amount owed on the note. Plaintiffs did not respond to Defendant's argument regarding this claim. Plaintiffs' failed attempt to pay makes summary judgment appropriate on Plaintiffs' suit to quiet title.

**F.   Fraud**

Defendant argues that Plaintiffs failed to state a fraud claim. Plaintiffs did not respond to this argument. The elements of a fraud claim are that:

> "(1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result."

JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C., 546 S.W.3d 648, 653 (Tex. 2018)(internal quotation marks omitted)(quoting Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001)). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Plaintiffs pled their fraud claim as follows: "Carrington did not apply the payment of the $23,420.10 paid by the Plaintiffs before their home was foreclosed even though Plaintiffs were led to believe they would. Carrington are [sic] liable for fraud to the

16

Plaintiffs as their actions led to the wrongful foreclosure of Plaintiffs' home."[45] This pleading is insufficient to meet the elements of a fraud claim and does not come close to complying with Rule 9's heightened pleading requirements. Accordingly, summary judgment is appropriate on Plaintiffs' fraud claim.

## G. Declaratory and Injunctive Relief

Defendant argues that summary judgment should be granted on Plaintiffs' claims for declaratory and injunctive relief because Plaintiffs have no viable causes of action. As discussed above, Plaintiffs may have a viable cause of action for wrongful foreclosure. Accordingly, summary judgment is not appropriate at this time on Plaintiffs' declaratory and injunctive relief claims.

## V. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiffs' Motion for Summary Judgment be **DENIED** and that Defendant's Motion for Summary Judgment be **GRANTED IN PART AND DENIED IN PART.** The court **RECOMMENDS** that summary judgment be **GRANTED** in favor of Defendant on Plaintiffs' claims for breach of contract, equitable right of redemption, suit to quiet title, and fraud. The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file

---

[45] See Doc. 16, Pls.' Am. Compl. p. 10.

17

written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 14th day of January, 2020.

_____
Nancy K. Johnson
United States Magistrate Judge