United States District Court
Southern District of Texas
**ENTERED**
September 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOCK O. LOGAN, *et al.*, § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> CARRINGTON MORTGAGE SERVICES, LLC, § <br> § <br> *Defendant*. § | CIVIL ACTION H-18-3743 |

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Carrington Mortgage Services, LLC's ("Carrington") motions for adequate protection (Dkt. 54) and leave to amend the scheduling order (Dkt. 60), and plaintiff Jock O. Logan's ("Logan") motion for leave to amend the scheduling order (Dkt. 58). After reviewing the motions, responses, replies, and the applicable law, the court STRIKES the motion for adequate protection and is of the opinion that the motions for leave to amend the scheduling should be DENIED.

### I. BACKGROUND

Plaintiffs filed this lawsuit in 2018 seeking to rescind the foreclosure of their home. Dkt. 16. Plaintiffs were once represented by counsel but now proceed *pro se*. Dkt. 34. The deadline for filing both dispositive and non-dispositive motions was originally set for March 22, 2019. Dkt. 10. The deadline for filing motions was extended to April 12, 2019. Dkt. 23. A jury trial is set for November 15, 2021. Dkt. 53. Two years after the motion deadline, the parties have nevertheless filed three motions which are now before the court. Dkts. 54, 58, 60.

## II. Legal Standard

"[A] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters., L.L.C. v. SouthTrust Bank of Ala. N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)).

## III. Analysis

### A. Motion for Adequate Protection

Carrington filed a motion for adequate protection asking the court to order Logan to pay security into the court's registry while litigation is ongoing. Dkt. 54. This motion was filed on August 9, 2021. *Id.* The deadline for filing motions was April 12, 2019. Dkt. 23. Carrington has not requested leave to file this motion after the motion deadline, nor has Carrington shown good cause to do so. *See* Dkt 54. Therefore, the court STRIKES the motion for adequate protection.

### B. Motion for a Preliminary Injunction

Logan's response to Carrington's motion to compel payment contains a separate motion for "protection and affirmative relief from defendant's proposed order and threats." Dkt. 58. In that motion, Logan urges the court to provide "affirmative relief and to restrain Carrington from seeking the removal of Logan, his family, and property from his homestead and or further burdening plaintiffs." *Id.* This motion was filed on August 27, 2021. *Id.* The deadline for filing motions was April 12, 2019. Dkt. 23. Logan is a *pro se* litigant and therefore the court will construe his filings liberally. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Thus,

the court will treat this filing as a motion to amend the scheduling order to file a motion for a preliminary injunction.

"[A] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To show good cause, Logan must show that the deadline could not "reasonably be met despite [its] diligence." *S & W Enters.*, 315 F.3d at 535. Logan has not shown good cause. Logan makes no argument that he has good cause to amend the scheduling order. *See* Dkt. 58. Logan offers only the mere allegation that Carrington might attempt to eject him from the property in the final weeks before trial despite living on the property during the previous three years of litigation. *See id.* There is no allegation that Carrington has commenced such an action. *See id.* Logan has not been diligent as the hypothetical risk of such an action existed before the deadline. Therefore, the motion to amend the scheduling order is DENIED.

**C. Motion for Summary Judgment**

Carrington has filed an opposed motion seeking leave to amend the scheduling order and file a second motion for summary judgment. Dkt. 60. To amend the scheduling order, Carrington must show that the deadline could not "reasonably be met despite [its] diligence." *S & W Enters.*, 315 F.3d at 535. Carrington's explanation for not meeting the deadline is that new evidence concerning Logan's financial situation has come to its attention. Dkt. 60. However, Carrington makes no effort to explain why any relevant financial information could not have obtained before the deadline had Carrington been diligent. *See id.* Thus, the court concludes Carrington has not been diligent. Therefore, the motion to amend the scheduling order is DENIED.

3

## IV. Conclusion

The motion deadline passed over two years ago.  Dkt. 23.  Trial is set for November 15, 2021.  Dkt. 53.  Carrington filed its motion for adequate protection without requesting leave from the court.  *See* Dkt. 54.  Therefore, the court STRIKES Carrington's motion for adequate protection (Dkt. 54).  Neither party has shown good cause to amend the scheduling order and reopen motion practice.  Therefore, the motions to amend the scheduling order (Dkts. 58, 60) are DENIED.  The case is ready for trial, and the court will not entertain any further motions to amend the scheduling order.

Signed at Houston, Texas on September 27, 2021.

_____
Gray H. Miller
Senior United States District Judge