United States District Court
Southern District of Texas
**ENTERED**
May 09, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOCK O. LOGAN, *et al.*, | § § § § § § § § § § | |
| *Plaintiffs*, | | |
| v. | | CIVIL ACTION H-18-3743 |
| CARRINGTON MORTGAGE SERVICES, LLC, | | |
| *Defendant*. | | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are defendant Carrington Mortgage Services, LLC's ("Carrington") motion to enforce the settlement agreement (Dkt. 94) and plaintiff Jock O. Logan's motion to vacate the conditional order of dismissal and reinstate the case (Dkt. 95). After reviewing the motions, responses, replies, and the applicable law, the court is of the opinion that Carrington's motion should be DENIED for lack of jurisdiction, Logan's motion should be GRANTED, and the plaintiffs' remaining claim should be DISMISSED AS MOOT.

## I. BACKGROUND

This is a wrongful foreclosure dispute initially filed in the 80th Judicial District Court for Harris County, Texas, and removed to this court on the basis of diversity jurisdiction. Dkt. 1. Logan's first amended complaint asserted claims for breach of contract, wrongful foreclosure, enforcement of an equitable right of redemption, quiet title, fraud, declaratory judgment, and a permanent injunction. Dkt. 16. The court adopted the Magistrate Judge's Memorandum and Recommendation in full and granted summary judgment to Carrington on all claims except the

wrongful foreclosure claim. Dkts. 35, 39. Logan has elected to pursue a rescission remedy for the wrongful disclosure claim rather than damages.[1] Dkts. 16 ¶ 29; 35 at 13.

The parties entered into an oral settlement agreement, and the material terms of that agreement were read into the record before the Magistrate Judge on November 9, 2021. Dkts. 82; 95, Ex. 1. On November 10, 2021, the court issued a conditional order of dismissal stating, "the Court dismisses this case without prejudice to reinstatement of plaintiffs' claims if any party represents to the Court within 60 days from the date of this order that the settlement could not be completely documented." Dkt. 83. Later, the court extended the deadline to document the settlement agreement allowing "an additional 60 days from [January 18, 2022] to file documents dismissing this matter with prejudice." Dkt. 86. However, the parties continued to disagree, and Carrington filed a motion to enforce the settlement agreement requesting that the court declare it has substantially performed its portion of the settlement agreement, award attorney's fees, and dismiss the case with prejudice. Dkt. 94. Logan responded by filing his motion to vacate the conditional order of dismissal and reinstate the case. Dkt. 95.

The court held a hearing on these two motions on April 28, 2022. Dkt. 103. There, the parties confirmed the material terms of the settlement agreement and the actions they have taken towards its fulfillment. *See id.* The material terms of the settlement were: (1) a recission of the foreclosure sale; (2) a modification of the loan with a new principal of $137,000 for a term of 360 months at 3% interest; (3) Carrington would pay $49,000 to Logan; (4) Carrington would send

---

[1] Under Texas law, the plaintiff in a wrongful foreclosure suit "must elect between damages and recission as inconsistent remedies." Mike Baggett, *Texas Practice Series Vol. 15, Texas Foreclosure: Law and Practice* § 2.150 (2001) (citing *Owens v. Grimes*, 539 S.W.2d 387, 390 (Tex.App.—Tyler 1976, writ ref'd n.r.e.)).

2

updated information to credit reporting agencies; (5) Carrington would permit the disbursement of $11,263.15 of insurance proceeds according to FHA and insurance regulations; (6) Carrington will make reasonable efforts to submit an insurance claim for damages from Hurricane Harvey; (7) mutual agreement to confidentiality and non-disparagement; and (8) dismissal of all claims with prejudice. Dkt. 95, Ex. 1.

The primary point of contention at the hearing was whether Carrington's proposed loan modification document added additional material terms in violation of the settlement agreement. *See* Dkt. 103. Critically, the parties agreed at the hearing that Carrington had rescinded the foreclosure sale,[2] Logan had received the $49,000 payment,[3] Carrington had submitted updated information to the credit reporting agencies,[4] Carrington had attempted to schedule an inspection of Logan's property in order to release the $11,263.15 in insurance funds,[5] and Carrington had taken steps to investigate a potential, additional insurance claim.[6] *See id.* Further, Carrington's counsel offered a modified loan modification document at the hearing that removed two paragraphs of boilerplate terms that Logan had previously found objectionable. See id. However, Logan was still unwilling to sign this document. *See id.* The court gave the parties ten days to

---

[2] Carrington filed the record of the rescission as an exhibit to its motion. Dkt. 94, Ex. B.
[3] Carrington filed an email where Logan confirmed receipt of the $49,000 on January 14, 2022, as an exhibit to its motion. Dkt. 94, Ex. C.
[4] Carrington filed a copy of their request to update Logan's credit report as an exhibit to its motion. Dkt. 94, Ex. D.
[5] Carrington filed a January 19, 2022, email from Carrington's counsel to Logan to schedule an inspection of the property as an exhibit to its reply brief. Dkt. 99, Ex. C.
[6] Carrington represents that such a claim was not possible because of a previous claim in 2017 was approved and funds were dispersed to Logan—Logan had endorsed the check over to the Lane Law Firm (plaintiffs' former counsel). Dkt. 94. However, Carrington was not aware of this claim until this investigation even though Carrington was listed as the payee and did not endorse the check. *Id.* Carrington filed the check as an exhibit in its motion. Dkt. 94, Ex. E.

3

resolve the dispute before ruling on the instant motions, and that deadline has passed without an agreement. *See id.*

## II. LEGAL STANDARD

### A. Jurisdiction to Enforce a Settlement Agreement

"Enforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378, 114 S. Ct. 1673 (1994). A district court retains jurisdiction over a settlement agreement when "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal." *Id.* at 381. The Supreme Court "specified two ways in which a court may make a settlement agreement part of its dismissal order: 'either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'" *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (quoting *Kokkenen*, 511 U.S. at 380–81). The court may consider the question of jurisdiction sua sponte. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S. Ct. 1563 (1999).

### B. Mootness

"A claim is moot when a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017). Mootness is a justiciability doctrine and "a federal court is obligated to raise the issue, sua sponte, if the facts suggest mootness notwithstanding the silence of the parties with respect to the issue." *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998). For the court to have jurisdiction, the parties must have "a personal stake in the outcome of the controversy." *U.S. Parole Comm'n v.*

*Geraghty*, 445 U.S. 388, 397, 100 S. Ct. 1202 (1980) (quoting *Baker v. Carr*, 369 U.S. 186, 204, 82 S. Ct. 691 (1962)). The personal stake requirement ensures "that federal courts are presented with disputes they are capable of resolving . . . [and] 'must continue throughout its existence (mootness).'" *Id.* (quoting Monaghan, *Constitutional Adjudication: The Who and When*, 82 Yale L.J. 1363, 1384 (1973)).

### III. ANALYSIS

#### A. Carrington's Motion to Enforce the Settlement Agreement

The court did not include a provision retaining jurisdiction in its conditional order of dismissal. *See* Dkt. 83. Thus, for the court to have jurisdiction to enforce the settlement agreement, the conditional order of dismissal must "embody the terms of the agreement within the dismissal order so that any violation of the terms would also be a violation of the court's order." *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 464 (5th Cir. 2010). The court only required that the parties completely document the settlement agreement, and the terms of the agreement itself are not implicated. *See* Dkt. 83. Therefore, the court lacks jurisdiction to enforce the settlement agreement.

#### B. Logan's Motion to Vacate the Conditional Order of Dismissal

Logan timely represented to the court that the settlement had not been completely documented. Dkt. 95. Specifically, the parties have not executed a loan modification document. *See* Dkt. 103. Therefore, under the court's conditional order of dismissal, Logan is entitled to reinstatement. *See* Dkt. 83.

### C. Mootness of the Remaining Claim

After summary judgment, the sole claim remaining is wrongful foreclosure seeking rescission of the foreclosure sale. *See* Dkt. 39. The parties agree that the rescission has already occurred. Dkts. 94, Ex. B; 103. Even without a formal settlement agreement, Carrington's action in rescinding the foreclosure sale renders the claim moot. *See Vela v. City of Houston*, 276 F.3d 659, 682–83 (5th Cir. 2001) (holding that claims were moot after the district court entered partial summary judgment without setting an amount; and prior to the entry of final judgment, the defendant city adopted ordinances to pay the amount demanded without a formal settlement agreement); *see also* 13B Wright & Miller, *Federal Practice and Procedure* § 3533.2 (3d ed. 2008) ("[A]n offer to settle for all the relief the plaintiff might win by judgment may moot the action. Formal tender may be required to ensure that the offer in fact will be made good."). Therefore, there is no longer a case or controversy between the parties, and the court lacks jurisdiction to hear Logan's case. *See Brinsdon*, 863 F.3d at 345.

## IV. CONCLUSION

For the reasons given above, Carrington's motion to enforce the settlement agreement (Dkt. 94) is DENIED for lack of jurisdiction. Logan's motion to vacate the conditional order of dismissal (Dkt. 95) is GRANTED. Finally, the plaintiffs' sole remaining claim for wrongful foreclosure is DISMISSED AS MOOT. The court will issue a final judgment concurrently with this memorandum opinion and order.

Signed at Houston, Texas on May 9, 2022.

Gray H. Miller
Senior United States District Judge